IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**TIMOTHY RAMON MOORE**                                                      **PETITIONER**

**v.**            **NO. 4:23-cv-00445-LPR-PSH**

**DEXTER PAYNE**                                                              **RESPONDENT**

### ORDER

Petitioner Timothy Ramon Moore ("Moore") began this case by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2241 on a pre-printed form. In the petition, he raised the following claim: his right to be present at a major disciplinary hearing was waived without his consent. He was subsequently convicted of the disciplinary, the punishment for which was a reduction in class, thirty days of punitive isolation, the forfeiture of 103 days of good-time credit, and a restriction of all privileges for sixty days. He asked in the petition that the disciplinary be reversed and the Court re-instated his status "as it was before the verdict was rendered." See Docket Entry 1 at CM/ECF 15.

The Court briefly reviewed this case as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District ("Rule 4"). The Court found that Moore failed to accompany his petition with either the five dollar filing fee or a motion for leave to proceed in forma pauperis. He was therefore ordered to either pay the filing fee or obtain leave to proceed in forma paupers.

Moore has now paid the filing fee. The Court has used the occasion of his payment of the filing fee as a second opportunity to review this case in accordance with Rule 4. On the basis of that review, it is clear that the case cannot proceed as one pursuant to 28 U.S.C. 2241. It can only proceed as one pursuant to 28 U.S.C. 2254. See Guinther v. Payne, No. 4:22-cv-00052-JM-JV, 2022 WL 1397569 (E.D. Ark. Mar. 16, 2022), report and recommendation adopted, No. 4:22-cv-00052-JM, 2022 WL 1364595 (E.D. Ark. May 3, 2022).[1] The Clerk of the Court is directed to change the nature of suit for this case, or otherwise convert it, from one pursuant to 28 U.S.C. 2241 to one pursuant to 28 U.S.C. 2254.

---

[1] "Mr. Guinther argues against the Court's conversion of his originally labeled 2241 Petition to the current 2254 Petition. ... However, because Guinther is a 'person in custody pursuant to the judgment of a State court,' 2254 is the only vehicle for habeas relief." See Guinther v. Payne, 2022 WL 1397569, 1, n.1 (citing Crouch v. Norris, 251 F.3d 720, 723 (8th Cir. 2001)).

The Clerk of the Court is directed to serve by regular mail a copy of Moore's petition, see Docket Entry 1, and this Order on respondent Dexter Payne and the Attorney General for the State of Arkansas. Respondent shall file an answer, motion, or other response to Moore's petition. The answer, motion, or other response must conform to the requirements of Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. Respondent must file an answer, motion, or other response within twenty-one days after service of the petition, exclusive of the day of service. As a part of the answer, motion, or other response, respondent shall include the following, if applicable:

1) the judgment of conviction;

2) the docket sheet from the sentencing court evidencing the history of the proceedings;

3) any order or opinion from an appellate court dismissing a direct appeal by Moore, an order or opinion affirming his conviction, or a citation to any such order or opinion;

4) any order of any court dismissing a motion to vacate or habeas corpus petition filed by Moore; and

5) any order or opinion from an appellate court dismissing an appeal by Moore from the denial of a petition or motion, any

order or opinion affirming the denial of a petition or motion, or a citation to such order or opinion.

Moore is again notified of his obligation to comply with the Federal Rules of Civil Procedure as well as the Local Rules for the United States District Court for the Eastern District of Arkansas. Specifically, he is again directed to Local Rule 5.5(c)(2), which provides the following:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

IT IS SO ORDERED this 20th day of June, 2023.

_____
UNITED STATES MAGISTRATE JUDGE