IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**TIMOTHY RAMON MOORE**  **PLAINTIFF**
**ADC #89799**

v.                    No: 4:23-cv-00445-LPR-PSH

**DEXTER PAYNE,** *et al.*                **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

### I. Introduction

Plaintiff Timothy Ramon Moore, an Arkansas Division of Correction inmate, filed a *pro se* habeas petition on May 11, 2023 (Doc. No. 1). His habeas petition was subsequently converted to a lawsuit filed pursuant to 42 U.S.C. § 1983. *See* Doc. No. 16. Moore's application to proceed *in forma pauperis* was granted (Doc.

No. 19), and at the Court's direction, he filed a Second Amended Complaint (Doc. No. 20). Moore claims his due process rights were violated in the course of disciplinary proceedings and an extended stay in segregated confinement. Doc. No. 20. Service was ordered on defendants Director Dexter Payne, Corporal Kiamera King, Sergeant Keontis Walker, Warden Gary Musselwhite, Disciplinary Hearing Administrator Raymond Naylor, and Notification Officer Christa Plummer-Handley (Doc. Nos. 21 & 26).

On March 21, 2024, defendants Payne, Musselwhite, King, and Walker moved to dismiss Moore's Second Amended Complaint (Doc. Nos. 28-29). Moore was then granted leave to file a Third Amended Complaint (Doc. No. 42). The allegations in Moore's Third Amended Complaint mirror those in his existing amended complaint, but he named one additional defendant, Deputy Warden Robert Pierce. Doc. No. 43. Because Moore filed a superseding amended complaint, the motion to dismiss his Second Amended Complaint (Doc. No. 28) should be denied as moot. *See Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir. 2002) (stating that an amended complaint renders moot a motion to dismiss original complaint).

All of the named defendants have since been served and filed motions to dismiss Moore's Third Amended Complaint with supporting briefs (Doc. Nos. 44-45, 52-53 & 62-63). The defendants argue that Moore fails to state a claim upon

which relief may be granted. Moore filed a response and brief in support to the first motion to dismiss (Doc. Nos. 57-58). For the reasons described herein, the undersigned recommends that the defendants' motions be granted.

## II.  Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a court to dismiss a claim on the basis of a dispositive issue of law. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). If, as a matter of law, "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," a claim must be dismissed, without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one. *Id.* at 327 (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)); *see also O'Neal v. State Farm Fire & Cas. Co.*, 630 F.3d 1075, 1077 (8th Cir. 2011).

When considering a motion to dismiss under Rule 12(b)(6), the court must accept as true all of the factual allegations contained in the complaint and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Young v. City of St. Charles, Mo.*, 244 F.3d 623, 627 (8th Cir. 2001). The court reads the complaint as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). In addition to the complaint, the court may consider matters of public record, orders, items

appearing in the record of the case, and exhibits attached to the complaint. *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege facts sufficient to state a claim as a matter of law and not merely legal conclusions. *Young*, 244 F.3d at 627. The factual allegations in the complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* (quoting *Bell Atlantic*, 550 U.S. at 556). In *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Supreme Court emphasized that when ruling upon a motion to dismiss in a § 1983 action, a *pro se* complaint must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. However, such liberal pleading standards apply only to a plaintiff's factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989).

### III. Analysis

Moore alleged that his due process rights were violated when he was prevented from attending a disciplinary hearing and a waiver was falsely executed

on his behalf. Doc. No. 43 at 3-7. He alleged that the gross negligence of defendants Walker, King, Plummer-Handley, and Musselwhite violated his due process rights, and that defendant Pierce failed to notify him of a restricted assigned housing hearing. *Id.* Moore alleged he was initially sentenced to punitive segregation for 30 days as a result of the disciplinary conviction and then assigned to restrictive housing for 270 days. *Id.* He claimed that he was subject to harsher conditions than he normally experienced in segregated confinement. *Id.* at 6-7.

Defendants argue that Moore's due process claims are subject to dismissal because he has not alleged that he was deprived of a constitutionally protected liberty interest (*i.e.*, an atypical and significant hardship) as a result of his disciplinary conviction or his assignment to restrictive housing. They further argue that his claims that some defendants were grossly negligent does not state a viable due process claim, and that Moore did not allege any personal involvement on the part of defendants Musselwhite, Naylor, and Payne. Because the Court agrees that Moore's due process claims fail and alleged negligence is insufficient to support a constitutional claim, it does not reach the defendants' arguments regarding personal involvement.

   A.   ***Due Process***

To prevail on a Fourteenth Amendment due process claim, a prisoner "must first demonstrate that he was deprived of life, liberty, or property by government

action." *See Phillips v. Norris,* 320 F.3d 844, 846 (8th Cir. 2003). An inmate challenging his placement in segregated housing must identify the deprivation of a liberty interest to sustain a due process challenge to that assignment. *Id.* at 847; *Sandin v. Conner*, 515 U.S. 472, 484 (1995). "In order to determine whether an inmate possesses a liberty interest, we compare the conditions to which the inmate was exposed in segregation with those he or she could 'expect to experience as an ordinary incident of prison life.'" *Phillips*, 320 F.3d at 847 (quoting *Beverati v. Smith*, 120 F.3d 500, 503 (4th Cir. 1997)). The Eighth Circuit Court of Appeals has interpreted *Sandin* to mean that a prisoner's due process rights are implicated only when there have been "deprivations which work such major disruptions in a prisoner's environment and life that they present dramatic departures from the basic conditions and ordinary incidents of prison sentences." *Moorman v. Thalacker,* 83 F.3d 970, 972 (8th Cir. 1996).

The Eighth Circuit has "consistently held that administrative and disciplinary segregation are not atypical and significant hardships under *Sandin*." *Portly-El v. Brill*, 288 F.3d 1063, 1065 (8th Cir. 2002). *See also Smith v. McKinney,* 954 F.3d 1075, 1082 (8th Cir. 2020) ("Indeed, '*Sandin* teaches that [an inmate] has no due process claim based on [a] somewhat more restrictive confinement because he has no protected liberty interest in remaining in the general prison population; his only liberty interest is in not being subjected to 'atypical' conditions of confinement.'")

(quoting *Wycoff v. Nichols*, 94 F.3d 1187, 1190 (8th Cir. 1996)). If an inmate establishes the violation of a liberty interest, the court next determines what process was due. *See Williams v. Hobbs,* 662 F.3d 994, 1000 (8th Cir. 2011).[1]

In his Third Amended Complaint, Moore alleges that he endured the following conditions as a result of his disciplinary conviction and assignment to segregated housing for 270 days:

> 27. In that I was confined for twenty three hours a day in a cell roughly 60 feet square, shackled hand and foot escorted by two officers whenever I exited my cell;
>
> 28. Allowed only three (3) ten (10) minute showers per week, allowed to spend only ten dollars per week for commissary;
>
> 29. Deprived the ability to work or participate in any special projects ie... holiday sports or skill tournaments, prisoner food sales, holiday packages from family;
>
> 30. Attend educational and vocational programs, attend (Junnu'ah Prayer) obligatory service for Muslim adherents, attend outdoor recreation in a congregate setting with the ability to engage in sports and other congregant recreational activities, attend meals with other prisoners, and the ability to promote in class.

---

[1] Before being placed in administrative segregation, an inmate is entitled to "informal, nonadversary due process procedures" including "'some notice of the reasons for the inmate's placement . . . and enough time to prepare adequately for the administrative review.'" *Spann v. Lombardi*, 65 F.4th 987, 992 (8th Cir. 2023) (quoting *Westefer v. Neal*, 682 F.3d 679, 684 (7th Cir. 2012)). "An inmate must be given 'an opportunity to present his views' to a neutral decisionmaker, but is not entitled to a hearing with the inmate present." *Id.* (quoting *Westefer*, 682 F.3d at 685). Due process also requires meaningful, periodic review of an inmate's placement, at 60-day intervals, and annual meetings with the warden. *See Williams v. Hobbs*, 662 F.3d 994, 1000 (8th Cir. 2011).

Doc. No. 43 at 6-7.

Conditions similar to these have been held not to constitute an atypical and significant hardship. For example, in *Martin v. Hurley,* the court found that an inmate who spent 308 days in administrative segregation did not describe an atypical and significant hardship where he alleged:

> a reduction in his recreation time from 49 to three hours per week; inability to leave his cell for up to three days at a time; inability to participate in religious and secular classes; limited ability to purchase items from the canteen; no contact visits; limited access to telephone, showering, laundry, and library materials; no access to television; 24-hour lighting of his cell (dimmed only for a few hours at night); delays in receiving medical care; and inability to arrange a marriage ceremony to a civilian.

No. 2:13-CV-00048-SPM, 2015 WL 6750808, at *4 (E.D. Mo. Nov. 5, 2015). And in *Davis v. Spencer,* Chief United States District Judge Kristine G. Baker concluded that an approximate 26-month stay in segregation with limited physical contact with other inmates, meals in cell, no group religious services, five hours week of recreation, no contact visitation, and being handcuffed and shackled upon leaving cell did not constitute an atypical and significant hardship. No. 5:15-CV-00105-KGB-PSH, 2017 WL 1156741, at *5 (E.D. Ark. Mar. 28, 2017).

The Eighth Circuit has also found that some of the same conditions alleged by Moore do not constitute an atypical and significant hardship. *See Ballinger v. Cedar Cnty.,* 810 F.3d 557, 562-563 (8th Cir. 2016) (finding no atypical hardship where a prisoner was held in solitary confinement for one year with reduced access

to showers, telephone use, exercise, and social interaction with others); *Persechini v. Callaway*, 651 F.3d 802, 807 n.4 (8th Cir. 2011) (stating that inmates do not have a liberty interest in maintaining a particular classification level); *Phillips*, *supra,* (loss of privileges of contact visitation, exercise and chapel for thirty-seven days did not constitute an atypical and significant hardship); *Driscoll v. Youngman*, 124 F.3d 207 (8th Cir. 1997) (unpublished decision) (135 days in disciplinary and administrative segregation without "meaningful exercise, natural light or adequate time in the library" did not amount to an atypical and significant hardship); *Kennedy v. Blankenship,* 100 F.3d 640, 642-43 & n.2 (8th Cir. 1996) (thirty days suspension of mail, telephone, visitation and commissary privileges).

Furthermore, the length of Moore's segregation alone, 270 days (or approximately nine months), is insufficient to demonstrate an atypical and significant hardship in the absence of overly harsh conditions. The Eighth Circuit has held that stays up to twenty-six months are insufficient to create a liberty interest, if the conditions are not overly harsh. *See Rhaman X v. Morgan*, 300 F.3d 970, 974 (8th Cir. 2002) (inmate's placement in administrative segregation for 26 months under relatively normal conditions did not constitute an atypical and significant hardship). *See also Ballinger v. Cedar Cty., Mo.*, *supra*, (term of approximately one year in administrative segregation did not constitute atypical and significant hardship); *Orr v. Larkins,* 610 F.3d 1032, 1034 (8th Cir. 2010) (inmate was not

deprived of liberty interest during nine months in administrative segregation); *Loving v. Roy*, No. 12-cv-441, 2013 WL 4734017 at *7 (D. Minn. Sept. 3, 2013), *aff'd*, 573 Fed. App'x. 607 (8th Cir. Jul. 25, 2014) (finding twenty-three months in administrative segregation, without more, not an atypical and significant hardship triggering due process rights); *Furlough v. Brandon*, 2009 WL 4898418 (E.D. Ark. 2009) (inmate failed to state a due process claim after being assigned to administrative segregation for nearly nine months). *See also Anderson v. Shipman*, No. 4:22-CV-00085-LPR-ERE, 2022 WL 1152221, at *3 (E.D. Ark. Feb. 9, 2022), *report and recommendation adopted,* 2022 WL 1138133 (E.D. Ark. Apr. 18, 2022) (plaintiff's assignment to restrictive housing for 730 days did not implicate a liberty interest where plaintiff alleged no facts showing the conditions there amounted to an atypical and significant hardship).

Moore has not alleged sufficient facts to show that he suffered an atypical and significant hardship while he was confined in punitive segregation.[2]  Accordingly,

---

[2] Defendants do not raise qualified immunity as a defense.  However, the Court may raise the issue *sua sponte* where the defense is established on the face of the complaint.  *See Story v. Foote*, 782 F.3d 968, 969-70 (8th Cir. 2015).  To determine whether a defendant is entitled to qualified immunity, the Court must consider two questions: (1) do the facts alleged by plaintiff establish a violation of a constitutional or statutory right; and (2) if so, was that right clearly established at the time of the defendant's alleged misconduct.  *Wright v. United States*, 813 F.3d 689, 695 (8th Cir. 2015).  In this case, the caselaw cited above shows that defendants are entitled to qualified immunity under both prongs.  Plaintiff has not alleged sufficient facts to establish a violation and a reasonable official would not be on notice that Moore's nine-month stay in administrative under the conditions he alleges would trigger his due process rights.

he had no liberty interest at stake, and no due process protections were due. Moore's due process claims should therefore be dismissed for failure to state a claim upon which relief may be granted.

### B.  *Negligence*

Moore's allegation that some defendants were grossly negligent is not actionable under § 1983. Accordingly, any such claims should be dismissed for failure to state a claim upon which relief may be granted. *See Crow v. Montgomery*, 403 F.3d 598, 602 (8th Cir. 2005) (explaining that intentional conduct, rather than negligence, is required to sustain a § 1983 claim). Furthermore, to the extent Moore raises a state law negligence claim, the Court should decline to exercise supplemental jurisdiction over any such claims.[3]

### IV. Conclusion

For the reasons stated herein, the undersigned recommends that:

(1)  the motion to dismiss Moore's Second Amended Complaint (Doc. No. 28) be DENIED as MOOT;

(2)  the defendants' motions to dismiss Moore's Third Amended Complaint

---

[3] *See ACLU v. City of Florissant,* 186 F.3d 1095, 1098-99 (8th Cir. 1999) ("[W]hen state and federal claims are joined and all federal claims are dismissed on a motion for summary judgment, the state claims are ordinarily dismissed without prejudice to avoid needless decisions of state law . . . as a matter of comity."). *See also Condor Corp. v. City of St. Paul*, 912 F.2d 215, 220 (8th Cir. 1990) ("The judicial resources of the federal courts are sparse compared to the states. We stress the need to exercise judicial restraint and avoid state law issues wherever possible.").

(Doc. Nos. 44, 52 & 62) be GRANTED and the claims against defendants be dismissed without prejudice for failure to state a claim upon which relief may be granted; and

(3) it be recommended for future jurists that dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

IT IS SO RECOMMENDED this 8th day of October, 2024.

_____
UNITED STATES MAGISTRATE JUDGE